IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02770-PAB-CYC

SEUNG LEE, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

QUANTUM CORPORATION, JAMES J. LERNER, KENNETH P. GIANELLA, and LAURA NASH,

Defendants.

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## COMPETING LEAD PLAINTIFF MOTIONS

---

Hunsu Son ("Movant" or "Mr. Son") respectfully submits this Memorandum of Law in Opposition to Competing Motions to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel.

Before the Court are three motions for appointment as lead plaintiff and approval of lead plaintiff's selection of counsel. Dkt. Nos. 13, 16, 17. No movant claims a larger loss than Mr. Son. Dkt. Nos. 14-3, 16-3, 18-1.

| Movant | Loss |
|---|---|
| Hunsu Son | $793,800.00 |
| Rick Scharff | $96,504.54 |
| Chandruakanthan Sathasivam | $65,513 |

1

Mr. Son is a sophisticated investor with over 10 years of investing experience. Mr. Son is a tax attorney and a certified public accountant. Dkt. No. 13, at 10. In short, Mr. Son has the largest financial interest and has made a *prima facie* showing of adequacy and typicality and should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

## ARGUMENT

**A. THE COURT SHOULD APPOINT MR. SON AS LEAD PLAINTIFF AS HE HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION AND SATISFIES RULE 23**

The PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). After determining that notice of the action was appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id*. at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.* Here, that movant is Mr. Son.

Mr. Son has the largest financial interest. Mr. Son lost $793,800 in connection with his purchases of Quantum Corp. ("Quantum" or the "Company") securities during the Class Period.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy

2

requirements." *Id.* at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy."). Mr. Son satisfies the typicality and adequacy requirements.

In addition to having the largest financial interest of any qualified movant before the Court, Mr. Son has made the requisite *prima facie* showing of typicality and adequacy under Rule 23. Mr. Son should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Mr. Son to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mr. Son. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff, here Mr. Son, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re SemGroup Energy Partners, L.P., Sec. Litig.*, 2008 WL 4826318, at *2 (N.D. Okla. Oct 27, 2008) ("The burden of proof of inadequacy of the presumptive lead plaintiff rests with parties contesting its appointment.").

As Mr. Son has the largest financial interest, has made a *prima facie* demonstration of his

3

typicality and adequacy, and no movant has rebutted the presumption with proof, Mr. Son must be appointed Lead Plaintiff.

## B. MR. SON'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Son has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 14-4. Thus, the Court may be assured that by approving Mr. Son's selection of counsel, the members of the class will receive excellent legal representation.

## C. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Mr. Son has the largest financial interest, satisfies the adequacy and typicality requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh,* 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

While the Court need not reach the competing movants as they have materially smaller losses than Mr. Son, some facts bear noting.

Competing movant Rick Scharff ("Mr. Scharff") sold all his shares prior to the second

4

and final corrective disclosures. Courts across the country have rejected movants who similarly sold all of their stock before the end of a class period, citing a litany of concerns including that, among other things, such movants: lack sufficient incentive to zealously litigate the class's claims in connection with later corrective disclosures (and may improperly focus on earlier corrective disclosures to the detriment of the class); will be unnecessarily sidetracked by unique loss causation issues that will surround that movant throughout the course of the litigation; and expose the class to risks of dismissal or denial of class certification if earlier corrective disclosures are found to be inactionable. *See, e.g.*, *Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*, 2013 WL 3934243, at *5 (N.D. Ill. July 30, 2013) (explaining that movant who sold before the end of the class period was subject to unique defenses because that movant "has no incentive to fairly and adequately protect the interests of the class as to later disclosures"); *Doshi v. Gen. Cable*, 2017 WL 5178673, at *3-4 (E.D. Ky. Nov. 7, 2017) (same); *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *3 (C.D. Cal. Apr. 1, 2019) (rejecting movant who sold before final corrective disclosure without resolving merits of the argument because "the issue is quite likely to be raised by Defendants to the detriment of the putative class"). Whether or not these concerns ultimately materialize is irrelevant given that the very existence of these serious concerns is sufficient to disqualify movants like Mr. Scharff. *See, e.g.*, *Snap*, 2019 WL 2223800, at *3.

## **CONCLUSION**

For the foregoing reasons, Mr. Son respectfully requests the Court issue an Order: (1) appointing Mr. Son as Lead Plaintiff of the Class; (2) approving Mr. Son's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 24, 2025          Respectfully submitted,


*/s/ Phillip Kim*
Phillip Kim
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On November 24, 2025, I electronically filed the following **MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on November 24, 2025.

*/s/Phillip Kim*
Phillip Kim