IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02770-PAB-CYC

SEUNG LEE, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

QUANTUM CORPORATION,
JAMES J. LERNER,
KENNETH P. GIANELLA, and
LAURA NASH,

    Defendants.

---

# ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Before the Court are three competing motions for appointment as lead plaintiff and for approval of lead counsel in this putative class action: Motion of Hunsu Son for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel, ECF No. 13; Motion of Rick Scharff for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel, ECF No. 16; and Motion of Chandruakanthan Sathasivam for Appointment as Lead Plaintiff and Approval of Lead Counsel, ECF No. 17. Since filing their motions, Chandruakanthan Sathasivam and Rick Scharff have each filed notices informing the Court that they do not have the largest financial interest in the relief sought and, therefore, do not oppose Hunsu Son's motion. ECF Nos. 21 and 22. However, the Court must still satisfy itself that Mr. Son should be appointed lead plaintiff under the appliable law. As discussed below, the Court finds that Mr. Son is the most adequate plaintiff and, therefore, grants his motion and denies the motions of the other two contenders.

1

## ANALYSIS

The Private Securities Litigation Reform Act ("PSLRA") specifies the "procedure that governs the appointment of lead plaintiffs in 'each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'" *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657 (D. Colo. 2000) (quoting 15 U.S.C. § 78u-4(a)(1)). The PSLRA requires that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice" advising members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period," as well as the deadline for moving to serve as lead plaintiff (60 days from the notice's publication). 15 U.S.C. § 78u-4(a)(3)(A)(i). That notice was published on September 4, 2025. ECF No. 14-4 at 2–4. Within 90 days of the notice's publication, "the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member . . . the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, the "person or group that (1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23" is presumptively the "most adequate plaintiff." *Medina v. Clovis Oncology, Inc.*, No. 15-cv-02546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). "Though the PSLRA nominally requires courts to consider whether Federal Rule of Civil Procedural 23's requirements have been satisfied, only two of Rule 23's four requirements—typicality and adequacy—are relevant in the context of lead plaintiff appointments." *Kalera v. Modivcare, Inc.*,

2

No. 25-cv-00306-GPG-KAS, 2025 WL 3146033, at *2 (D. Colo. Oct. 27, 2025) (citing *Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 627–28 (D. Colo. 2011)). "Typicality exists where the injury and the conduct are sufficiently similar." *Wolfe*, 275 F.R.D. at 628 (quotation marks omitted). "The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Id.* (quotation marks omitted).

Here, Hunsu Son is presumptively the most adequate plaintiff. Mr. Son unquestionably has the largest financial stake in this case of those who have come forward. *See* ECF No. 14-3 at 2; ECF No. 23 at 1. Mr. Son's loss far exceeds that of the other two potential plaintiffs, which they recognized, ECF Nos. 21 and 22, and Mr. Son made a motion in response to the notice, ECF No. 13. Mr. Son also satisfies the requirements of Fed. R. Civ. P. 23. The record indicates that Mr. Son's claims are typical of those of the purported class members. Specifically, Mr. Son and members of the purported class allege that they purchased or acquired shares of Quantum Corporation between November 15, 2024 and August 18, 2025 at prices that were artificially inflated because of misrepresentations in Quantum Corporation's financial statements and other public documents and suffered losses as a result. Mr. Son also satisfies the adequacy requirement; there is no indication in the record of a potential conflict between Mr. Son and the members of the purported class.

When these prerequisites are met, the presumption created by the statute may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa) & (bb).

3

There is no evidence in the record that Mr. Son will not fairly and adequately protect the interests of the class or might raise "unique defenses that may render [Son] inadequate because such defenses are likely to usurp a significant portion of the litigant's time and energy," *Wolfe*, 275 F.R.D. at 628–29 (quotation marks omitted), and his motion affirmatively states that he is not aware of any such defenses. ECF No. 13 at 10.

Based on this analysis, Hunsu Son is presumptively the most adequate plaintiff to represent the interests of the purported class. In addition, no objection to Mr. Son's motion has been filed within the time allowed by law. To the contrary, the challengers both recognized that Mr. Son was presumptively the most adequate plaintiff, and do not oppose Son's motion. ECF Nos. 21 and 22. As a result, the presumption has not been rebutted. Accordingly, the Court will appoint Hunsu Son as Lead Plaintiff.

Once selected, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[A]pproval of lead counsel is a matter within the discretion of the Court." *Kalera*, 2025 WL 3146033, at *2 (quotation marks omitted). "In exercising this discretion, the Court must determine whether the proposed lead counsel are qualified, experienced, and able to vigorously conduct the proposed litigation." *Id*. (quotation marks omitted). "The Court will only disturb the lead plaintiff's choice of counsel when necessary to fairly and adequately protect the interests of the class." *Armbruster v. Gaia, Inc.*, No. 22-cv-03267-NYW-STV, 2023 WL 2613817, at *4 (D. Colo. Mar. 23, 2023). Mr. Son has demonstrated that The Rosen Law Firm, P.A. is "qualified, experienced and able to vigorously conduct the proposed litigation." *In re Ribozyme*, 192 F.R.D. at 659; ECF No. 14-4 at 2–25. This includes extensive experience in securities litigation and class actions, including cases filed in this District. *See, e.g.*, ECF No. 14-4 at 23 (identifying *Armbruster v. Gaia, Inc.*, No. 22-

4

cv-03267-NYW-STV). As a result, the Court will grant Mr. Son's request to appoint The Rosen Law Firm, P.A. as Lead Counsel in this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion of Hunsu Son for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel, ECF No. 13, is **GRANTED**.

It is further ORDERED that Hunsu Son is **appointed** as Lead Plaintiff and The Rosen Law Firm, P.A. is **appointed** as Lead Counsel.

It is further ordered that the Motion of Rick Scharff for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel, ECF No. 16, and the Motion of Chandruakanthan Sathasivam for Appointment as Lead Plaintiff and Approval of Lead Counsel, ECF No. 17, are **DENIED**.

Entered this 26th day of November, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

5